UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIG MCCART,

           Petitioner,           Case Number: 5:10-CV-12090

v.           HON. JOHN CORBETT O'MEARA

GREG MCQUIGGIN,

           Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Michigan state prisoner Craig McCart has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for second-degree home invasion and receiving and concealing stolen property on the grounds that insufficient evidence was presented to sustain his convictions and his trial counsel was ineffective. For the reasons set forth below, the Court finds that neither of these claims warrant habeas relief. Therefore, the petition will be denied.

### I. Facts

The Michigan Court of Appeals summarized the facts adduced at trial leading to Petitioner's convictions as follows:

> Defendant's convictions arise from break-ins at two homes, which were approximately 1-1/4 to 1-1/2 miles apart, in Bloomfield Township. The break-in at a home on Byewood Road occurred between 7:30 and 10:45 p.m. on July 14, 2007. The sliding glass door was broken and several thousand dollars worth of jewelry and coins in a bag were missing. The

break-in at the other home, on Cathedral Drive, occurred between the morning of July 13, 2007, and defendant's arrest at approximately 12:30 a.m. on July 15, 2007.

Officer Joseph Monti investigated the break-in on Byewood, left the crime scene, and parked in a nearby parking lot to write his report. While he was typing his report at approximately 12:30 a.m., he observed defendant, who was carrying a canvas bag, walk in front of his car on the other side of a fence. Officer Monti engaged defendant in conversation and asked for identification. When he ran the information in the Law Enforcement Information Network, he discovered that there was an outstanding warrant and arrested defendant. Officer Monti later noticed that defendant's left wrist was bleeding.

The bag in defendant's possession was from the Byewood home, and it contained numerous pieces of jewelry, including items that had been reported as missing from the Byewood home. Other items bore the Cathedral address and the homeowner's name, which led police to check that residence where they discovered that the home had been ransacked. Numerous pieces of jewelry, credit cards, Canadian money, and other items from the Cathedral address were discovered in the bag that defendant was carrying. The encounter between Officer Monti and defendant occurred approximately a quarter mile from the Cathedral address.

A very small fragment of glass was collected from inside defendant's shoe. The fragment had the same characteristics (green-grayish tint on one side with orange glow fluorescence under regular light, "diced" texture, tempered, refractive index) as the glass from one of the double panes of glass at the Byewood home.

Defendant told police that he found the bag on the side of the road after leaving his girlfriend's home, but was unwilling to provide information to contact her or the friend that he claimed drove him to meet her.

*People v. McCart*, No. 282085, 2009 WL 50082, *1 (Mich. Ct. App. Jan. 8, 2009).

## II. Procedural History

Following a jury trial in Oakland County Circuit Court, Petitioner was convicted of two counts of second-degree home invasion and two counts of receiving or concealing

2

stolen property valued at $1,000 or more but less than $20,000.  On October 23, 2007, he was sentenced as a third habitual offender to 7 to 30 years in prison for each of the convictions, all to be served concurrently.

Petitioner filed an appeal of right in the Michigan Court of Appeals.  He raised these claims:

> I.  The evidence presented at appellant's trial was insufficient to prove that he was the perpetrator of the charged crimes.
>
> II. Appellant was denied the effective assistance of trial counsel where counsel failed to challenge the stop of appellant as being improper because it was not based upon reasonable suspicion and therefore in violation of the Fourth Amendment.

The Michigan Court of Appeals affirmed Petitioner's convictions, *People v. McCart*, No. 282085, 2009 WL 50082 (Mich. Ct. App. Jan. 8, 2009), and denied a motion to remand for an evidentiary hearing regarding the ineffective assistance of counsel claim. *People v. McCart*, No. 282085 (Mich. Ct. App. July 24, 2008).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. He raised the same claims raised in the Michigan Court of Appeals.  The Michigan Supreme Court denied leave to appeal.  *People v. McCart*, No. 138288 (Mich. May 27, 2009).

Petitioner then filed the pending habeas petition. He raises the same claims raised in state court.

### III.  Legal Standard

Petitioner's claims are reviewed against the standards established by the

Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (*quoting Williams*, 529 U.S. at 413). However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's

4

decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 789 (2011), *quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal

courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## IV. Discussion

### A. Sufficiency of the Evidence

Petitioner argues that habeas relief should be granted because the evidence presented was insufficient to sustain his convictions.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). On direct review, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th

Cir. 2006), *quoting Jackson*, 443 U.S. at 324 n.16. "Two layers of deference apply to habeas claims challenging evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010), *citing Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205, *citing Jackson,* 443 U.S. at 319. Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id.* "A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003), *citing Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). "A reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *McDaniel v. Brown*, __ U.S. __, 130 S. Ct. 665, 674 (2010), *quoting Jackson*, 443 U.S. at 326.

      The Michigan Court of Appeals denied Petitioner's sufficiency of the evidence claim. The court of appeals, although not citing *Jackson*, clearly applied the *Jackson* standard and viewed the evidence in a light most favorable to the prosecution. The court of appeals relied on the following facts in finding that sufficient evidence was produced:

7

Petitioner possessed items that were stolen from each home, he was in the vicinity of the homes within hours after the break-in at the Byewood address, and he was linked to the Byewood crime scene by a glass fragment.

When assessing a sufficiency of the evidence claim on habeas review, the Court may not re-weigh evidence or redetermine witness credibility. *Marshall*, 459 U.S. at 434. According the state court's findings of fact a presumption of correctness, this Court concludes that the Michigan Court of Appeals' decision that sufficient evidence was presented for a finding of guilty did not "result[] in a decision that . . . involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Petitioner is not entitled to federal habeas corpus relief with respect to this claim.

### B. Ineffective Assistance of Counsel Claim

Petitioner next claims that his trial attorney was ineffective in failing to challenge Officer Monti's stop of Petitioner on the ground that it was not based on reasonable suspicion.

The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. An attorney's performance is deficient if "counsel's representation fell below an objective

standard of reasonableness." *Id.* at 688.  The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.  "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689.  The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms."  *Wiggins v. Smith*, 539 U.S. 510, 521 (2003).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687.  The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.  Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

"Surmounting *Strickland's* high bar is never an easy task."  *Padilla v. Kentucky*, __ U.S. __, 130 S. Ct. 1473, 1485 (2010).

> [T]he *Strickland* standard must be applied with scrupulous care, lest 'intrusive post-trial inquiry' threaten the integrity of the very adversary process the right to counsel is meant to serve.  *Strickland*, 466 U.S. at 689-90.  Even under *de novo* review, the standard for judging counsel's representation is a most deferential one.  Unlike a later reviewing court, the

> attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. . . . The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S. at 690.
>
> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both "highly deferential," *id*., at 689, 104 S.Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S., at ___, 129 S.Ct. at 1420. The Strickland standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ___, 129 S.Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Richter*, __ U.S. __, 131 S. Ct. at 788.

Petitioner argues that trial counsel was ineffective in failing to challenge the stop of Petitioner because it was not supported by reasonable suspicion. "Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

The Michigan Court of Appeals held that Petitioner's rights under the Fourth Amendment were not implicated by Officer Monti's request for identification or decision

to run a LEIN check. *Accord Florida v. Bostick*, 501 U.S. 429, 434, (1991) ("[A] seizure does not occur simply because a police officer approaches an individual and asks a few questions."); *I.N.S. v. Delgado*, 466 U.S. 210, 216 (1984) ("[I]nterrogation relating to one's identity or a request for identification by the police ... by itself, [does not] constitute a Fourth Amendment seizure."). Once the officer conducted the LEIN check, he discovered the outstanding warrant and, as was his duty, arrested Petitioner. The Michigan Court of Appeals concluded that, because there was no Fourth Amendment violation, defense counsel was not ineffective in failing to challenge the legality of the officer's stop of Petitioner. *McCart*, 2009 WL 50082 at *2. Because Petitioner has failed to show that this Fourth Amendment claim was meritorious, he has failed to show that trial counsel was ineffective in failing to file such a motion. Moreover, he has failed to show that the state court's conclusion that Petitioner did not satisfy *Strickland's* prejudice prong was an unreasonable application of *Strickland*.

## V.  Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should

have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

### VI. Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


                                           s/John Corbett O'Meara
                                           United States District Judge

Date: September 6, 2011


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 6, 2011, using the ECF system and/or ordinary mail.

                                           s/William Barkholz
                                           Case Manager